T.C. Memo. 2001-223


UNITED STATES TAX COURT


JOHN JETER, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 15017-99.                Filed August 14, 2001.


John Jeter, pro se.

<u>David R. Ferguson</u>, for respondent.


MEMORANDUM OPINION


GOLDBERG, <u>Special Trial Judge</u>:  Respondent determined a deficiency in petitioner's Federal income tax for 1997 in the amount of $2,607.  Unless otherwise indicated, section references are to the Internal Revenue Code in effect for the year in issue.

The issues for decision are:  (1) Whether petitioner is entitled to dependency exemption deductions; and (2) whether

petitioner is entitled to the earned income credit.

Some of the facts in this case have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference. At the time the petition was filed, petitioner lived in Baltimore, Maryland.

During 1997 petitioner and his then wife, Tona L. Jeter (Ms. Jeter), were separated and no longer living together. They have two children from their marriage: a son, Jerome A. Jeter, born May 23, 1982, and a daughter, Jamie N. Jeter, born November 8, 1988 (collectively the children). At all times relevant to this case, the children were minors. Ms. Jeter filed for child support in early 1997 and was subsequently divorced in 1998.

During the period of separation, including the year in issue, petitioner resided at 3704 Wilder Avenue, Baltimore, Maryland (family home), which was the family home prior to separation. Ms. Jeter resided in an apartment "in the same neighborhood", but the actual distance from the family home is unknown. The children attended school in the area of the family home. During the school year, Ms. Jeter took the children to petitioner's home in the early morning. Petitioner drove the children to school, and the children returned to the family home every day after the completion of the school day. Ms. Jeter typically picked up the children around 6 or 7 p.m. after she finished work. Ms. Jeter was employed as an office manager for

the Department of Social Services.  Petitioner testified that Ms. Jeter earned approximately $23,000 during 1997 and paid a monthly rent, including utilities, of $525.  Petitioner was also employed full time during 1997.

According to the order for custody from the Division of Child Support, Circuit Court for Baltimore County, petitioner was required to pay monthly child support.  Petitioner paid a total of $7,170.76 in child support payments during 1997.  Petitioner also made monthly mortgage payments on the family home of approximately $645 during 1997.

Petitioner and Ms. Jeter shared legal custody of the children; however, according to the order for custody, physical custody was awarded to Ms. Jeter.  According to the order of custody, petitioner was entitled to visitation of two nights per week, plus every other weekend, eight holidays, and five consecutive nights during the children's summer vacation. Petitioner paid for the children's school supplies, bedroom furniture in the family home, some clothes, and meals when they stayed at the family home.

Ms. Ellen J. Williams (Ms. Williams), petitioner's mother, lived in a home jointly owned with petitioner in Asheville, North Carolina (Asheville residence).  Petitioner claimed Ms. Williams as a dependent during the year in issue.  Ms. Williams was 82 years old during the year in issue and received Social Security

benefits of approximately $300 per month.  Petitioner traveled to North Carolina about four or five times a year to visit Ms. Williams and to maintain the Asheville residence.  During 1997 petitioner painted the Asheville residence.  Petitioner testified that he provided financial support to Ms. Williams of approximately $200 per month during 1997.

On petitioner's 1997 Federal income tax return, he claimed dependency exemption deductions for the children and for Ms. Williams and an earned income credit.  Respondent disallowed the dependency exemption deductions because petitioner failed to establish that he was entitled to claim them as dependents.  As a result of the disallowance, respondent further disallowed the earned income credit.

Dependency Exemption

Section 151(c) allows a taxpayer to deduct an annual exemption amount for each dependent of the taxpayer.  A taxpayer's mother and children qualify as dependents so long as the taxpayer provided more than half of the support to each dependent.  Sec. 152(a)(1), (4); sec. 1.152-1(a)(1), Income Tax Regs.

As to the children, the support test in section 152(e)(1) applies if:  (1) A child receives over half of his support during the calendar year from his parents; (2) the parents live apart at all times during the last 6 months of the calendar year; and (3)

such child is in the custody of one or both of his parents for more than one-half of the calendar year.  As these requirements are satisfied in the present case, the "child shall be treated, for purposes of subsection (a), as receiving over half of his support during the calendar year from the parent having custody for a greater portion of the calendar year (* * * referred to as the 'custodial parent')", thus allowing the dependency exemption to be claimed by the custodial parent.  Sec. 152(e)(1); see sec. 1.152-4(c), Income Tax Regs.

"Custody" is determined by the terms of the most recent custody decree if there is one in effect.  Sec. 1.152-4(b), Income Tax Regs.  In this case, the order of custody, dated February 20, 1997,[1] stated that Ms. Jeter and petitioner were awarded joint legal custody of the children; however, Ms. Jeter has the primary physical custody of the children.  After taking into consideration petitioner's visitation rights under the order of custody, it is clear that the children spent more than one-half of 1997 with Ms. Jeter.  Therefore, Ms. Jeter is the custodial parent, and petitioner is the noncustodial parent for 1997.

---

[1]     For purposes of this case we accept the order for custody from the Division of Child Support, Circuit Court for Baltimore County, dated Feb. 20, 1997, as the most recent custody decree.  No documents from the divorce in 1998 were received in the record.

As the noncustodial parent, petitioner is allowed to claim the children as dependents only if he meets one of three statutory exceptions under section 152(e).  The noncustodial parent can claim the dependency exemption deduction if:  (1) The custodial parent releases claim to the exemption for the year; (2) a multiple-support agreement is in effect; or (3) the decree of divorce was executed prior to 1985, the decree expressly provides that the noncustodial parent is entitled to the deduction, and the noncustodial parent provides at least $600 for the support of the child.  Sec. 152(e)(2), (3), and (4); sec. 1.152-4T, Temporary Income Tax Regs., 48 Fed. Reg. 34459 (Aug. 31, 1984).

After reviewing the record, it is clear that petitioner does not satisfy any of the exceptions under section 152(e). Therefore, we sustain respondent's determination denying dependency exemptions as to the children.

In order to claim Ms. Williams as a dependent, petitioner must show by competent evidence:  (1) The total support provided for the individual claimed, and (2) that he provided more than half of such total support.  The amount of total support may be reasonably inferred from competent evidence.  See Stafford v. Commissioner, 46 T.C. 515, 518 (1966).  However, where the amount of total support of an individual during the taxable year is not shown, and cannot be reasonably inferred from competent evidence,

then it is not possible to conclude that the taxpayer has contributed more than one-half.  See <u>Blanco v. Commissioner</u>, 56 T.C. 512, 515 (1971); <u>Fitzner v. Commissioner</u>, 31 T.C. 1252, 1255 (1959).

Total support includes, inter alia, the cost of food, clothing, education, household utilities, or home repair expenses necessary to maintain the household in 1997.  <u>Smith v. Commissioner</u>, T.C. Memo. 1997-544; sec. 1.152-1(a)(2)(i), Income Tax Regs.  According to petitioner's testimony, Ms. Williams's sources of monthly income were a Social Security benefit of approximately $300 and his monthly contribution of approximately $200.  Petitioner did not offer any other evidence, besides his own testimony, to establish that he provided more than one-half of Ms. Williams's total support.  Ms. Williams did not testify. Cf. <u>Oates v. Commissioner</u>, T.C. Memo. 1976-347.

Without other competent evidence, we cannot determine that petitioner provided more than one-half of his mother's overall support.  See <u>Blanco v. Commissioner</u>, <u>supra</u> at 515.  Accordingly, we find that petitioner is not entitled to a dependency deduction for Ms. Williams.  Respondent is sustained as to the denial of a dependency exemption for Ms. Williams.

<u>Earned Income Credit</u>

The relevant parts of section 32 provide that an individual is eligible for the earned income credit if the individual has a

"qualifying child". A qualifying child is one who satisfies a relationship test, a residency test, an age test, and an identification requirement. Sec. 32(c)(3).

Petitioner has met the relationship test, age test, and identification requirement; therefore, the only factor which needs discussion is the residency test.

Based on the order for custody, and petitioner's testimony, petitioner was permitted visitation with the children for approximately 127 days during 1997. Petitioner contends that because the children stayed with him for part of the day during their school year, that time should be included in the children's residency at the family home. We disagree. Under the residency test, a claimed individual's principal place of abode must be for more than one-half of such taxable year. Sec. 32(c)(3)(A)(ii). Merely staying in the family home for a few hours of the day does not constitute the children's principal place of abode.

Because they fail to meet the residency test under section 32, we find that the children were not qualified children of petitioner. Respondent is sustained on this issue.

Based on the foregoing,

Decision will be entered

for respondent.