T.C. Memo. 2003-211


UNITED STATES TAX COURT


MARVINA J. DAIL, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 12474-02.              Filed July 16, 2003.


Marvina J. Dail, pro se.

<u>Clare J. Brooks</u>, for respondent.


MEMORANDUM OPINION


THORNTON, <u>Judge</u>:  Respondent determined a $1,941 deficiency in petitioner's 2000 Federal income tax.  The issues for decision are whether petitioner is entitled to claim her son as a dependent and whether petitioner is entitled to head of household filing status.

The parties have stipulated some facts, which we incorporate herein by this reference. When she petitioned this Court, petitioner resided in Baltimore, Maryland.

## Background

On October 31, 1994, petitioner was granted a divorce from her husband, Norris Dail (Mr. Dail). The divorce judgment granted petitioner and Mr. Dail joint custody of their minor son, Norris Rashid Dail (Norris), and ordered that Norris was to reside with Mr. Dail from Monday morning through Thursday evening at 6 p.m., and with petitioner from Thursday evening through Monday morning.

On her 2000 Form 1040, U.S. Individual Income Tax Return, petitioner claimed Norris as her dependent and filed as head of household.

In the notice of deficiency, respondent determined that petitioner was not entitled to claim Norris as her dependent and changed her filing status to single.

## Discussion

1. Dependency Exemption Deduction

A taxpayer is allowed a dependency exemption deduction for each dependent. Sec. 151(c)(1).[1] To qualify as the taxpayer's dependent, an individual must, among other things, receive (or be

---

[1] Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the year at issue.

treated as receiving) over half of his or her support from the taxpayer. Sec. 152(a). A special rule generally treats a child of divorced parents as receiving over half of his or her support from the parent having custody for the greater portion of the year. See sec. 152(e)(1); sec. 1.152-4(b), Income Tax Regs. This special rule applies only if the child both (1) receives over half of his or her support during the year from his or her parents and (2) is in the custody of one or both parents for more than half the year. Sec. 152(e)(1). In the event of "split" custody, as is the case here, custody is "deemed to be with the parent who, as between both parents, has the physical custody of the child for the greater portion of the calendar year." Sec. 1.152-4(b), Income Tax Regs.

Respondent contests only whether Norris was in petitioner's physical custody for more than half of 2000. Petitioner testified credibly that during 2000 she had physical custody of Norris each week from 6 p.m. Thursday evening until 8 a.m. Monday morning, except that he was consistently with her for 2 to 3 weeks during the summer, when she took him to Florida to visit her ailing mother. On the instant record, we find that petitioner had physical custody of Norris for the greater portion of 2000. Accordingly, we hold that petitioner is entitled to claim Norris as her dependent for 2000.

2. <u>Head-of-Household Filing Status</u>

Petitioner maintained her home as Norris's principal place of abode for more than half of 2000. Accordingly, petitioner is entitled to head of household filing status for 2000. See secs. 1(b) and 2(b)(1); sec. 1.2-2(b)(1) and (b)(3)(i), Income Tax Regs.

<u>Decision will be entered</u>

<u>for petitioner</u>.