T.C. Memo. 2003-272


UNITED STATES TAX COURT



KELLY LONDON MCCULLAR, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 1477-02.                    Filed September 17, 2003.



        R determined that P was not entitled to (1) a
dependency exemption for his daughter, (2) head of
household status, and (3) a child tax credit.

        1.  <u>Held</u>:  P was the custodial parent of his
daughter and therefore may claim a dependency exemption
for her.

        2.  <u>Held</u>, <u>further</u>, P is entitled to head of
household status and the child tax credit.



Kelly London McCullar, pro se.

<u>Julie P. Gasper</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

HALPERN, Judge: By notice of deficiency dated September 21, 2001 (the notice), respondent determined a deficiency in petitioner's Federal income tax for his 1998 taxable year in the amount of $2,834.00. The issues for decision are whether, for 1998, (1) petitioner's daughter is a qualifying individual such that he is entitled to claim a dependency exemption deduction for her, (2) petitioner is entitled to claim "head of household status" in filing his return, and (3) petitioner is entitled to claim the child tax credit.

Except as otherwise provided, all section references are to the Internal Revenue Code in effect for 1998.

FINDINGS OF FACT

Some facts are stipulated and are so found. The stipulation of facts, with accompanying exhibits, is incorporated herein by this reference. At the time the petition was filed, petitioner resided in Rockwall, Texas.

On April 15, 1999, petitioner filed his Form 1040, U.S. Individual Income Tax Return for 1998, claiming head of household status and an additional personal exemption and a child tax credit with respect to his daughter, Emily McCullar (Emily). Emily is the child of petitioner and his ex-wife, Mary Virginia McCullar, who, by Texas final decree of divorce (the divorce decree), were divorced on November 27, 1995. At the time of the

divorce, Emily was 6 years old. According to the divorce decree, petitioner and Ms. McCullar are joint managing conservators of Emily, with Ms. McCullar having primary custody and control at all times not specified in the decree. Both petitioner and Ms. McCullar claimed a dependency exemption deduction for Emily for 1998. Throughout 1998, petitioner kept a diary of time (the log) spent with Emily. The log is a detailed account of the time petitioner spent with his daughter and their activities together, and, according to petitioner's calculations, she was in his physical custody for more than 50 percent of the year. In the notice, respondent determined that petitioner was not entitled to claim his daughter as his dependent for 1998, nor was he entitled to head of household status or the child tax credit.

## OPINION

### I. Introduction

There are three issues for decision: the dependency exemption, head of household status, and the child tax credit. Because we decide the first issue for petitioner, the parties agree (and so do we) that the other two issues must be decided for petitioner as well.

II.  Dependency Exemption

    A.  Code and Regulations

Section 151 allows deductions for personal exemptions. Besides providing exemptions for the taxpayer and, in certain circumstances, the taxpayer's spouse, section 151 provides exemptions for dependents of the taxpayer.  Section 152(a) defines the term "dependent" to include a son or daughter of the taxpayer "over half of whose support for the calendar year * * * was received from the taxpayer (or is treated under subsection (c) or (e) as received from the taxpayer)".

In pertinent part, section 152(e)(1) provides that, if a child of divorced parents receives over half of his support during the year from his parents and is in the custody of one or both parents for more than half of the year, then the child shall be treated as receiving over half of his support during the year from the parent having custody for a greater portion of the year. That parent is referred to as the "custodial parent".  Id.

In pertinent part, section 1.152-4(b), Income Tax Regs., provides that custody is determined by the most recent decree of divorce.  It further provides:  "In the event of so-called 'split' custody, or if neither a decree or agreement establishes who has custody * * * 'custody' will be deemed to be with the parent who, as between both parents, has the physical custody of the child for the greater portion of the calendar year."

B.  Arguments of the Parties

Respondent argues that, under the general rule of section 1.152-4(b), Income Tax Regs., we must look to the divorce decree to determine who (as between petitioner and Ms. McCullar) had custody of Emily for the greater portion of 1998.  Respondent calculates (without elaborate explanation) that, under the divorce decree, Emily was to be with Ms. McCullar for 4,996 hours in (or approximately 57 percent of) 1998, while she was to be with petitioner for 3,764 hours in (or approximately 43 percent of) 1998.  On that basis, respondent concludes that Ms. McCullar was the custodial parent in 1998.

Petitioner argues that, because the divorce decree creates a "split custody" arrangement within the meaning of the second sentence of section 1.152-4(b), Income Tax Regs., the Court must determine who had physical custody of Emily for the greater portion of 1998.  Based on the log introduced into evidence, petitioner calculates that he had physical custody of Emily for 54 percent of 1998, making him the custodial parent for that year.  Respondent counters that the split custody rule in the regulations is not applicable, since split custody refers to situations where the divorce decree, while providing for shared custody, does not specify which parent is entitled to custody for the greater portion of the year.  Respondent further contends that, even if the split custody rule is applicable, the record

shows that Ms. McCullar, not petitioner, had physical custody of Emily for the greater portion of 1998.

C. <u>Discussion</u>

The divorce decree gives custody of Emily to both petitioner and Ms. McCullar, although Ms. McCullar is awarded "the primary custody and control of * * * [Emily] at all times other than as specified in the [divorce decree]". The situation thus fits the description in section 152(e)(1) of the child (Emily) being in the custody of both parents for more than half of the year. To determine the custodial parent, we must determine who had custody of Emily "for a greater portion" of the year. The statute offers no assistance in answering that question.

As indicated above, section 1.152-4(b), Income Tax Regs., does address "so-called 'split' custody". While we acknowledge the ambiguity of the term "split custody",[1] respondent has failed

---

[1] According to commentators, the term "split custody" is sometimes used to describe a situation where divorced parents with two or more children each take custody of one or more of those children. See Wofford, Divorce and Separation, 515-2d T.M., at A-64 n.634; Benson, "The Child Dependency Exemption and Divorced Parents: What is 'Custody'?," 18 Cap. U. L. Rev. 57, 64 (1989). It is sometimes used interchangeably with "divided" or "alternating" custody, in which sole custody (legal and physical) alternates between the parents. See Kapner, "Joint Custody and Shared Parental Responsibility: An Examination of Approaches in Wisconsin and Florida," 66 Marq. L. Rev. 673, 673 (1983); Cross, Annotation, "'Split,' 'divided,' or 'alternate' custody of children," 92 A.L.R.2d 695 (1963); see also Black's Law Dictionary 390 (7th ed. 1999) (defining "divided custody"). It is also used interchangeably with "joint" or "shared" custody, in which both parents share in the decisions concerning the child's
(continued...)

to convince us that, in the context of section 1.152-4(b), Income Tax Regs., such term means anything other than the joint or shared custody of a single child by divorced or separated parents, with the dependency exemption going to the parent who has actual, physical custody (and not just the right to custody) for the greater portion of the year.  See, e.g., <u>Dail v. Commissioner</u>, T.C. Memo. 2003-211; <u>Maher v. Commissioner</u>, T.C. Memo. 2003-85.  Of course, respondent is free, within the confines of his rulemaking authority, to reword the 30-year-old regulation.

We turn now to the issue of which parent had physical custody of Emily for the greater portion of 1998.  Petitioner's log gives detailed descriptions about the time he spent with and without his daughter each day of 1998, written in different ink and typed in different fonts.  Respondent argues that the log contains errors.  Given the testimony of both petitioner and his ex-wife, we have determined that petitioner is a credible witness and that his log is valid and not fabricated.  After giving consideration to the dates petitioner spent with his daughter that respondent claims are in error, petitioner still spent over

---

[1](...continued)
upbringing at all times (i.e., regardless of which parent has physical custody of the child at any given time).  See Giggetts, Annotation, "Application of Child-Support Guidelines to Cases of Joint-, Split-, or Similar Shared-Custody Arrangements," 57 A.L.R.5th 389 (1998); Benson, <u>supra</u> at 64; see also Black's Law Dictionary, <u>supra</u> at 390 (defining "joint custody").

50 percent of the nights of the audit year with his daughter.[2] Therefore, we conclude that he was the custodial parent for 1998 and is entitled to the dependency exemption.

III. Other Items

On the basis of our resolution of the dependency exemption issue, petitioner is entitled to claim (1) head of household status in filing his return and (2) the child tax credit.

Decision will be entered for petitioner.

---

[2] For periods in which the child is regularly attending school, we believe it is appropriate to quantify time spent with a parent through the number of nights spent together. See Jeter v. Commissioner, T.C. Memo. 2001-223, affd. 26 Fed. Appx. 321 (4th Cir. 2002).