T.C. Summary Opinion 2010-16


UNITED STATES TAX COURT


NORMA KAY LITTON a.k.a. CASEY LITTON, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 3933-09S.              Filed February 22, 2010.


Casey Litton, pro se.

<u>Brock E. Whalen</u>, for respondent.


DAWSON, <u>Judge</u>:  This case was heard pursuant to the

provisions of section 7463[1] of the Internal Revenue Code in

effect when the petition was filed.  Pursuant to section 7463(b),

the decision to be entered is not reviewable by any other court,

_____

[1]Unless otherwise indicated, all section references are to
the Internal Revenue Code as amended and in effect for the year
in issue, and all Rule references are to the Tax Court Rules of
Practice and Procedure.

and this opinion shall not be treated as precedent for any other case.

Respondent determined a deficiency of $4,850 in petitioner's Federal income tax for 2006. The issues for decision are: (1) Whether petitioner is entitled to dependency exemption deductions for her son and daughter; (2) whether petitioner is entitled to the child tax credit; and (3) whether petitioner is entitled to head of household filing status.

## Background

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference.

At the time the petition was filed, petitioner resided in Texas.

Petitioner and Gregory Lee Litton (Mr. Litton) were married in 1986. They have two children, a son, M.C., who was born in 1992, and a daughter, J.K., who was born in 1995.[2]

On March 13, 1997, petitioner and Mr. Litton were divorced pursuant to a final decree of divorce (decree) entered by the District Court of Williamson County, Texas. The decree listed Mr. Litton's residence as the "present address" of the children.

---

[2]The Court refers to minor children by their initials. See Rule 27(a)(3).

The decree made no provision with respect to allocating dependency exemption deductions for the children.

The decree named petitioner and Mr. Litton as "Joint Managing Conservators" of the children, but it provided that Mr. Litton "shall have the exclusive right to determine the residence and domicile of the children." The decree also provided that Mr. Litton "shall have possession of the children at all times not specifically awarded in this decree to NORMA KAY CASEY LITTON (petitioner), or otherwise mutually agreed by the parties."

In a standard possession order, which was incorporated in the decree, the district court set forth detailed guidelines regarding "possession" of the children. In particular, the standard possession order provided that petitioner "shall have possession of the child at any and all times mutually agreed to in advance by the parties, and, failing mutual agreement," shall have the right to possession of the children as follows:

1. On Tuesday and Thursday during the regular school term starting at 6:00 p.m. until the next morning;

2. On the first, third, and fifth weekends of each month starting at 6:00 p.m. on Friday and ending on Sunday at 6:00 p.m. (This period of possession is extended by one day in the event that a school holiday falls on a Friday or Monday.)

3. During the Christmas holiday in even-numbered years on the day that the child is dismissed from school for Christmas vacation and ending at noon on December 26;

4. On Mother's Day, if not otherwise entitled to possession, from 6:00 p.m. on the Friday preceding and ending at 6:00 p.m. on Mother's Day;

5. During spring break of even-numbered years beginning at 6:00 p.m. on the day that the child is dismissed from school and ending at 6:00 p.m. on the day before school resumes after that vacation; and

6. For 30 days (consecutive or nonconnective depending upon whether petitioner gives advance notice by May 1st to Mr. Litton) during summer vacation, subject to the right of Mr. Litton to have possession of the children for one weekend during this period.

Mr. Litton was awarded possession of the children if not otherwise entitled:

1. On Thanksgiving in even-numbered years beginning at 6:00 p.m. on the day the child is dismissed from school before Thanksgiving and ending at 6:00 p.m. on the following Sunday; and

2. On Father's Day beginning at 6:00 p.m. on the Friday preceding and ending at 6:00 p.m. on Father's Day.

On March 27, 2003, a final order in suit to modify parent-child relationship (modification order) was entered. The modification order decreased petitioner's child support obligation from $650 to $200 per month but did not alter the custody arrangement set forth in the decree. The modification order does show Mr. Litton's address as being the children's residence.

Petitioner and Mr. Litton observed the terms of the standard possession order during 2006. Each attempted to accommodate the other's reasonable requests, and they sometimes deviated from the terms of that order upon their mutual agreement. They also

agreed to allow the children to spend some Sunday nights at petitioner's home for the weekends that she had custody of the children.

Petitioner kept a detailed and contemporaneous calendar log showing the days and nights the children were residing in her custody during 2006. Her custody records were more complete and precise than those kept by Mr. Litton.

In a letter dated April 30, 2006, and sent to Mr. Litton by certified mail on May 1, 2006, petitioner stated:

> As suggested by federal judge Armen, in court on 3/13/2006, I am enclosing a copy of tax form 8332, Release of Claim to Exemption for Child of Divorced or Separated Parents. Although the tax court ruled in favor of me claiming both of the children as deductions, I propose to you (again), that the fair solution, in the future, is for each of us to claim one child. Please sign this form and return it to me so that I have the documentation that we mutually agree to this solution.
>
> If you choose not to sign the form 8332 that allows you to claim M, I will exercise my right to have the children for an additional 30 days during summer months from now on, so that the support test is not questioned in the future and I will claim both children. I will also choose to fully abide by the letter of the divorce decree, changing our weekend and holiday arrangements so that we follow the possession guidelines as written. No questions asked.
>
> As per our divorce decree, I am notifying you that I plan to have the children for an extended period of summer possession from Saturday, July 1st, 2006 through Thursday, July 6th, and again from Monday, July 17th through Wednesday, August 9th, 2006. This is a total of 30 days.
>
> The first day of school, according to the Lander BEEN website, is Wednesday, August 17th, 2006.

If you decide to sign the enclosed 8332, allowing you to claim M and me JK, I will consider renegotiating the above 30-day possession so that the children will not be away from you for the extended period of time during the summer.

If you have further questions, feel free to respond. Please let me know your decision by May 15, 2006, so that arrangements for childcare can be made. If I do not hear from you by this date, I will proceed as per our divorce decree. Thank you in advance.

Petitioner timely filed her 2006 Federal income tax return using head of household filing status. She claimed her son and daughter as dependents for purposes of two dependency exemption deductions and the child tax credit.

On November 21, 2008, respondent sent petitioner a notice of deficiency disallowing the two claimed dependency exemption deductions for the children and the child tax credit and changing her filing status from head of household to single.

Discussion[3]

I. Dependency Exemption Deductions

In general, a taxpayer may deduct an exemption for a dependent, such as a taxpayer's qualifying child. Secs. 151(a), (c), 152(a)(1). An individual cannot be a dependent of more than one taxpayer. See sec. 151(d)(2).

---

[3]We decide this case on the basis of the evidence in the record without regard to the burden of proof. Accordingly, we need not decide whether the general rule of sec. 7491(a)(1) is applicable. See Higbee v. Commissioner, 116 T.C. 438 (2001).

Section 152(c)(1) defines a "qualifying child" as an individual:

      (A) who bears a relationship to the taxpayer, such as a child of the taxpayer;

      (B) who has the same principal place of abode as the taxpayer for more than one-half of such taxable year; (aside from special rules applicable to divorced or separated parents);

      (C) who is under the age of 19 or is a student who has not attained the age of 24 as of the close of the calendar year; and

      (D) who has not provided over one-half of such individual's own support for the calendar year in which the taxable year of the taxpayer begins.

In pertinent part, section 152(e) provides:

      SEC. 152(e). Special Rule For Divorced Parents, Etc.--

          (1) In general.--Notwithstanding subsection (c)(1)(B), (c)(4), or (d)(1)(C), if--

              (A) a child receives over one-half of the child's support during the calendar year from the child's parents--

                  (i) who are divorced or legally separated under a decree of divorce or separate maintenance,

    *        *        *        *        *        *        *

              (B) such child is in the custody of 1 or both of the child's parents for more than one-half of the calendar year, such child shall be treated as being the qualifying child or qualifying relative of the noncustodial parent for a calendar year if the requirements described in paragraph (2) or (3) are met.

\*      \*      \*      \*      \*      \*      \*

> (4) Custodial parent and noncustodial parent.--For purposes of this subsection--
>
>> (A) Custodial parent.--The term "custodial parent" means the parent having custody for the greater portion of the calendar year.
>>
>> (B) Noncustodial parent.--The term "noncustodial parent" means the parent who is not the custodial parent.

Petitioner contends that she qualifies as the custodial parent of the children for 2006 because they were in her custody for the greater portion of that year, whether measured by the number of nights, days, or hours they spent with her. By contrast, respondent, who has allowed the dependency exemption deductions to Mr. Litton for 2006, contends that the children had the same principal place of abode as Mr. Litton for more than half of the year and were in his custody for the greater portion of the year and therefore are not petitioner's qualifying children under section 152(c)(1).

We agree with petitioner. While the statutory provisions here may seem somewhat convoluted and confusing, we think the special provisions of section 152(e)(1) and (4) override the general provision of section 152(c)(1)(B) where the dependency exemption deduction for a "qualifying child" of divorced or separated parents is involved. Sec. 152(e)(1).

In the case of a child of divorced parents, if a child receives over half of his support during the year from both his parents and is in the custody of one or both parents for more than half of the year, then the child is treated as being the qualifying child of the parent having custody for a greater portion of the year.  Sec. 152(e)(1), (4)(A).  That parent is referred to as the "custodial parent".  If there is split or divided joint custody, "'custody' will be deemed to be with the parent who, as between both parents, has the physical custody of the child for the greater portion of the calendar year."  Sec. 1.152-4(b), Income Tax Regs.; see Bjelland v. Commissioner, T.C. Memo. 2009-297; Maher v. Commissioner, T.C. Memo. 2003-85.

The resolution of this issue turns on whether petitioner had physical custody of the children for the greater portion of 2006.  See McCullar v. Commissioner, T.C. Memo. 2003-272.  In support of her contention, petitioner relies on her detailed calendar log, which she kept each day and which was admitted into evidence.  On that calendar log she placed the notation "kids" on each day they were in her custody and showed the hours and nights she had them.  We find that petitioner diligently documented the times she had physical custody of her children in her daily calendar log, which she kept on an accurately contemporaneous basis.  We were also impressed with her candid and credible testimony.

While there is no statutory yardstick to quantify custody in this situation, we think the number of both days and nights petitioner had custody of her children during the regular school term was slightly more than those claimed by Mr. Litton in 2006. What substantially tipped the custody scales in petitioner's favor was the 30-day period she had the children in her physical custody during July and August.

Accordingly, on the basis of this record, and in view of all the facts and circumstances herein, we conclude that petitioner qualified as the custodial parent of her children, who were in her physical custody for the greater portion of 2006. Therefore, we hold that petitioner is entitled to the dependency exemption deductions for her son and daughter in that year.

## II. Child Tax Credit

Section 24(a) allows a child tax credit of $1,000 for each qualifying child of the taxpayer. The term "qualifying child" means a qualifying child (as defined in section 152(c)) who has not attained the age of 17. Sec. 24(c)(1). Because M.C. and J.K. were petitioner's qualifying children for 2006 and neither had attained the age of 17 during that year, we hold that petitioner is also entitled to the child tax credit.

## III. Head of Household Filing Status

Section 1(b) applies an advantageous tax rate to the taxable income of unmarried individuals who qualify as head of a

household.  Compare sec. 1(b) with sec. 1(c) (rate generally applicable to taxable income of unmarried individuals).  Under section 2(b)(1), the term "head of a household" includes an individual unmarried at the end of the taxable year who, among other things, maintains as his or her home a household which constitutes for more than one-half of such taxable year the principal place of abode, as a member of such household, of a qualifying child.[4]  On the basis of the record, we conclude that petitioner maintained a household which was the principal place of abode of her children for more than half the year.  Therefore, because M.C. and J.K. are petitioner's qualifying children, we hold that she is entitled to use the head of household filing status for 2006.

　　To reflect the foregoing,

<u>Decision will be entered for petitioner</u>.

---

[4]We note that a qualifying child for purposes of sec. 2(b) is "determined without regard to section 152(e)," which suggests that a custodial parent whose home is the principal place of abode for the child for more than half the year is entitled to head of household filing status even if he or she has released his or her claim to the dependency exemption under sec. 152(e)(2).